# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| WILLIAM CRENSHAW,<br>                             *Plaintiff,*<br><br>v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,<br>                             *Defendant* | CIVIL NO. 3:09CV00041<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court upon the parties' cross motions for summary judgment (docket nos. 8 and 10), the Report and Recommendation of the U.S. Magistrate Judge (docket no. 12), Plaintiff's objections to the Report and Recommendation (docket no. 13) and Defendant's responses thereto (docket no. 14).

I referred this matter to the Honorable B. Waugh Crigler, U.S. Magistrate Judge, for proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) & (C). The Magistrate Judge filed his Report and Recommendation ("Report") on April 22, 2010, recommending that this Court enter an order granting the Commissioner's motion for summary judgment. Plaintiff timely filed objections to the Report on April 28, 2010, obligating the Court to undertake a *de novo* review of those portions of the Report to which specific objections were made. 28 U.S.C. § 636(b); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). After a thorough examination of the documented record, the applicable law, and Plaintiff's objections, I hereby adopt the Report of the Magistrate Judge and will grant the Commissioner's motion for summary judgment.

# I. BACKGROUND[1]

On March 23, 2006, Plaintiff William Crenshaw applied for disability insurance benefits, alleging that he had been disabled since November 26, 1997. The claim was initially denied on September 6, 2006, and upon reconsideration on March 2, 2007. (R. 9.) Thereafter, Plaintiff timely requested a hearing before an administrative law judge ("ALJ"), which was held on April 10, 2007. (R. 15.)

In a decision ultimately adopted as the final decision of the Commissioner, the ALJ concluded that Plaintiff was not disabled under the Social Security Act ("Act"). In support of that conclusion, the ALJ made several findings of fact. First, the ALJ found that Plaintiff had not engaged in substantial activity since his alleged disability onset date, and that he was insured for benefits through December 31, 2002. (R. 11.) Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments which met or equaled a listed impairment. (*Id.*) Although the ALJ did find that Plaintiff's discogenic and degenerative disorder of the back with failed back surgery at the L4-5 level and osteoarthritis was a severe impairment, that condition nevertheless did not meet or medically equal a listed impairment in the applicable regulations. (*Id.*)

Finding that Plaintiff did not have an impairment as defined by the relevant provisions, the ALJ next addressed the extent and severity of Plaintiff's alleged symptoms. (R. 12-17.) The ALJ determined that, prior to his date last insured, Plaintiff maintained the residual functional capacity ("RFC") to perform sedentary work that involved occasional postural activities such as climbing, balancing, stooping, kneeling, crouching, and crawling, and allows a sit/stand option. (R. 12.) Based on the RFC finding, the ALJ concluded that Plaintiff was precluded from performing his past

---

[1] The facts have been adduced from the record, and have been reiterated several times in the Magistrate Judge's Report and the parties' submissions. I will introduce additional facts as necessary in my discussion.

relevant work as an auto parts delivery person, carpenter, or construction worker. (R. 17.) However, the ALJ concluded that prior to his date last insured, there were jobs in the national economy that Plaintiff could perform at the sedentary RFC level. Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant time period, that is, from the alleged disability onset date to the date last insured. (*Id.*)

Plaintiff appealed the ALJ's decision to the Appeals Council, which denied review and adopted the ALJ's decision as the final decision of the Commissioner. (R. 1.) Plaintiff timely filed the instant action on July 2, 2009. The parties filed cross-motions for summary judgment, and the Magistrate Judge recommended that this Court enter an order granting the Commissioner's motion for summary judgment. The Magistrate Judge found that the ALJ's decision was supported by substantial evidence and recommended that the Commissioner's final decision be affirmed.

Plaintiff has filed two objections to the Magistrate Judge's Report. First, Plaintiff argues that the ALJ's conclusion that Plaintiff's medical condition did not meet the requirements of § 1.04(A) of the Commissioner's Listed Impairments is not supported by substantial evidence. Second, Plaintiff argues that the Magistrate Judge's Report supplies insufficient justification for upholding the ALJ's credibility finding. Specifically, Plaintiff argues that the Magistrate Judge's rationale as to Plaintiff's credibility is not the same as the rationale expressed by the ALJ in making the credibility finding. Additionally, Plaintiff argues that the Magistrate Judge focused solely on isolated portions of the record in affirming the ALJ's credibility finding, and therefore failed to properly consider the entirety of the record in reviewing the ALJ's credibility determination.

## II. STANDARD OF REVIEW

This Court must uphold the Commissioner's factual findings if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42

U.S.C. § 405(g) (2000); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), and consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F. 2d 640, 642 (4th Cir. 1966).

In determining whether the Commissioner's decision was supported by substantial evidence, the Court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." *Craig*, 76 F.3d at 589. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Id.* (internal quotation marks omitted). Accordingly, a court may not undertake a *de novo* review of the Commissioner's decision, and the fact that the record may support a conclusion inconsistent with that of the Commissioner is immaterial. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). However, determining whether the evidence presented by the ALJ to support his decision amounts to substantial evidence is a question of law, and therefore will be considered anew. *Hicks v. Heckler*, 756 F.2d 1022, 1024-25 (4th Cir. 1985) (*abrogated on other grounds by Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988).

### III. DISCUSSION

**A. The ALJ's Conclusion that Plaintiff Did Not Meet the § 1.04(A) Requirements is Supported by Substantial Evidence**

Plaintiff bears the burden of proving that he is disabled. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). In assessing disability claims, the Commissioner applies a five-step sequential evaluation process, considering whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to her past relevant work; and (5) if not, whether she could

perform other work present in the national economy. *See* 20 C.F.R. § 404.1520(a)(4). Plaintiff's first objection to the Magistrate Judge's report here addresses the third step of the inquiry—whether he has a condition that meets or equals the severity of a listed impairment. Specifically, Plaintiff argues that the Commissioner's conclusion that Plaintiff did not meet the criteria for having a spinal disorder as set forth in 20 C.F.R., pt. 404, subpt. P, app. 1, § 1.04(A) is not supported by substantial evidence.

Under that provision, a claimant is disabled if he suffers a disorder of the spine that results in the compromise of a nerve root or spinal cord along with:

> Evidence of nerve root compression characterized by neuron-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, and, if there is involvement of the lower back, positive straight-leg raising test.

20 C.F.R., pt. 404, subpt. P, app. 1, § 1.04(A). In order to show that his alleged impairment matches § 1.04(A), Plaintiff must show that he meets all criteria of the listing. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of the criteria, now matter how severely, does not qualify.").

Plaintiff argues that the ALJ "merely and simply offers a blanket statement that [Plaintiff's] condition does not contain the requisite findings of § 1.04(A) of the Listing of Impairments." However, contrary to Plaintiff's assertion, the ALJ's review was not so cursory. In considering whether Plaintiff met the § 1.04(A) criteria, the ALJ first considered the opinions of the state agency physicians who reviewed the evidence in Plaintiff's case. (R. 12.) The ALJ noted that after reviewing Plaintiff's case, those physicians concluded that Plaintiff's impairments "did not meet or equal the requirements of any section of Appendix 1," necessarily including § 1.04(A).

The opinions of the state agency physicians were not the sole basis for the ALJ's decision,

however. Indeed, the ALJ went on to address whether or not the record evidence may support a conclusion contrary to that of the state agency physicians regarding the § 1.04(A) criteria. In further considering whether Plaintiff has a condition that meets or equals the severity of a listed impairment, the ALJ noted that "[n]o treating or examining physician or psychologist has identified medical signs or findings that meet or medically equal the requirements of any section of Appendix 1 prior to [Plaintiff's] date last insured. The undersigned has reviewed the records and finds that the claimant did not have impairments which meet or equal the requirements of any section of Appendix 1 prior to his date last insured." (R. 12.) Having considered the record and concluding that it did not support a finding that Plaintiff had met the requirements of any section of Appendix 1, the ALJ went on to address why Plaintiff failed to meet the criteria of § 1.04(A) specifically. The ALJ stated that Plaintiff's "spine impairment did not meet Listing 1.04A because it was not associated with evidence of nerve root compression characterized by neuron-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and a positive straight leg raising test (sitting and supine)." (*Id.*)

The record indicates that there is significantly "more than a mere scintilla of evidence" to conclude that the ALJ's determination is supported by substantial evidence. To be considered disabled at step three of the evaluation process, Plaintiff must show that he meets *all* of the § 1.04(A) criteria. Yet, as the ALJ observed, the record discloses that Plaintiff never presented with all of the requisite § 1.04(A) criteria. Indeed, the record indicates that Plaintiff failed to demonstrate multiple medical criteria on multiple occasions throughout the alleged period of disability. For example, on December 2, 1997, Dr. Donald Chan observed that Plaintiff had full strength and fully intact reflexes. (R. 242.) On February 24, 1998, Dr. David Witmer examined Plaintiff and found

that he could fully tolerate a straight-leg raising test. (R. 187.) On November 12, 1998, Dr. Chan again observed that Plaintiff had full motor strength and no pressure on the L5 nerve root. (R. 189, 192.) On June 22, 1999, Dr. Gregory Helm reviewed Plaintiff's CT/Myelogram and found no evidence of nerve root compression. (R. 209.) On July 14, 1999, Dr. Robert Wilder examined Plaintiff and found Plaintiff's lower extremity motor and sensory function fully intact and that there was no instability of Plaintiff's lumbar spine. (R. 201.) On February 15, 2001, a physical exam of Plaintiff revealed that he did not suffer from any sensory or reflex loss. (R. 348.) A May 14, 2001 exam similarly revealed that Plaintiff's sensory and reflex abilities were grossly intact. (R. 345.) In short, the ALJ's conclusion that "[n]o treating or examining physician or psychologist has identified medical signs or findings that meet or medically equal the requirements of any section of Appendix 1 prior to [Plaintiff's] date last insured" is supported by substantial evidence. Accordingly, Plaintiff's objection to the ALJ's § 1.04(A) determination will be overruled.

**B. The ALJ's Credibility Determination is Supported by Substantial Evidence**

Plaintiff argues that the Magistrate Judge's reasons for upholding the ALJ's credibility finding are insufficient because they are not the same evidence used by the ALJ to make the credibility finding, thus indicating that the Magistrate Judge improperly re-weighed the evidence. Additionally, Plaintiff argues that the Magistrate Judge erred in focusing on two medical examinations as support for the ALJ's credibility finding. Plaintiff argues that although the two referenced medical exams do not represent the full picture of the medical evidence regarding Plaintiff's pain, and that the Magistrate Judge therefore failed to place the evidence from those examinations in the proper context.

As long as the ALJ's credibility determination is supported by substantial evidence, this Court cannot substitute its own credibility determination for that of the ALJ. *Craig*, 76 F.3d at 589.

However, if there is not such support in the decision, the court may not perform an independent analysis of the claimant's credibility. *Jolly v. Barnhart,* 465 F.Supp.2d 498, 505 (D.S.C. Sept. 27, 2006). A claimant's subjective complaints of pain must be supported by objective medical evidence. *Craig* 76 F.3d at 591 (4th Cir. 1996); *Johnson v. Barnhart*, 434 F.3d 650, 657 (4th Cir. 2005). The evidence must show the existence of a medical impairment that could reasonably be expected to produce the amount and degree of pain alleged. *Craig*, 76 F.3d at 591; *Johnson*, 434 F.3d at 657.

The ALJ's credibility determination was based on an assessment of the record evidence and the objective medical evidence therein. (R. 12-17.) Although the ALJ did find that the "claimant's medically determinable impairment could reasonably be expected to generally produce the alleged symptoms," the ALJ went on to conclude that "the claimant's statements and his witness's contentions concerning the intensity, persistence, and limiting effects of these symptoms are not entirely true prior to his date last insured." (R. 12.) In making his credibility determination, the ALJ relied on several examples throughout the alleged period of disability that contradicted Plaintiff's statements as to the severity of his condition. First, the ALJ noted that on February 28, 1999, Dr. David Witmer opined that Plaintiff could perform light duty, should continue with a "conservative" plan of treatment, and could return to work with eight to twelve weeks. (R. 14.) Second, the ALJ observed that in 1998 Dr. Donald Chan opined that Plaintiff was disabled from heavy labor, but that he could do part-time light work. (R. 15.) Despite those instructive limitations, however, Plaintiff returned to work and decided to perform fairly strenuous activities. (R. 16.) After a June, 1999 exam by Dr. Gregory Helm, Plaintiff was observed to be walking without much difficulty but seemed to inconsistently self-limit his movement.[2] (R. 15.) Additionally, the ALJ noted a functional assessment performed by a physical therapist in May 2002 which concluded that Plaintiff was

---

[2] Dr. Helm also observed Plaintiff exhibiting Waddell's signs, which are indicators of exaggeration,

limited to occasional sitting, standing, walking, pushing and pulling, and to lifting and carrying 10 pounds occasionally. (R. 15.) The therapist further observed that Plaintiff was able to maintain a fairly constant level of function. (*Id.*) Finally, the ALJ noted several telling instances in which Plaintiff self-limited or exaggerated the severity of his condition, including during two functional capacity evaluations and during examination by Dr. Helm. (R. 16.) Based on the aforementioned considerations, the ALJ concluded that Plaintiff's statements regarding the "intensity, persistence and limiting effects" of Plaintiff's symptoms were "not entirely true." (R. 14.)

This determination was supported by substantial evidence. *See, e.g., Johnson*, 434 F.3d at 658 (holding that ALJ's credibility determination was supported by substantial evidence where plaintiff's complaints were not consistent with, *inter alia*, lack of medical treatment and assessment). As long as the ALJ's credibility determination is supported by substantial evidence, this Court cannot substitute its own credibility determination for that of the ALJ. *Craig*, 76 F.3d at 589. I find no support for Plaintiff's objection. Of course, both this Court and the Magistrate Judge are not permitted to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary," *Craig v Chater*, 76 F.3d at 589. However, contrary to Plaintiff's argument, that the Magistrate Judge discussed certain portions of the record does not mean that he isolated only those portions that supported the Commissioner's view. Moreover, this Court has reviewed the entire record and has concluded that the ALJ's finding is supported by substantial evidence. Accordingly, Plaintiff's objection as to the credibility finding will be overruled.

## IV. CONCLUSION

After a thorough examination of the Plaintiff's objections, the applicable law, the documented record, and the Magistrate Judge's Report, the Court overrules Plaintiff's objections.

---

malingering, or of otherwise contrived pain components to an impairment.

The Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence. Accordingly, I will adopt the Report and Recommendation of the U.S. Magistrate Judge filed August 17, 2009, grant the Commissioner's motion for summary judgment, deny Plaintiff's motion for summary judgment, and affirm the Commissioner's decision to deny benefits. An appropriate order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record and to U.S. Magistrate Judge B. Waugh Crigler.

ENTERED: This 7th day of June, 2010.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE